Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2003 WL 21402544 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Shawn FELICETTY, Petitioner,
v.
Vince BIANCO, Warden, Respondent.
**No. Civ.A. 02-585-JJF.**

June 10, 2003.

Shawn Felicetty, Petitioner, pro se.
Elizabeth R. McFarlan, of the State of Delaware Department of Justice, Wilmington, Delaware, for Respondent.

MEMORANDUM OPINION

FARNAN, J.
**\*1** Presently before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.2) filed by Petitioner Shawn Felicetty. For the reasons set forth below, Petitioner's Section 2254 Petition will be dismissed and the Writ of Habeas Corpus will be denied.

BACKGROUND

In August 1998, Petitioner pled guilty in the Delaware Superior Court to second degree assault, third degree assault, first degree criminal trespass, resisting arrest and two counts of second degree forgery. Petitioner was sentenced to ten years imprisonment at Level V with credit for time served. After serving 18 months at Level V, the balance of his sentence was suspended for five years and six months at Level II probation.

On December 1, 2000, Petitioner was arrested on drug charges. As a result of this arrest, Petitioner was charged with violating a condition of his probation. The court subsequently found that Petitioner violated his probation, and he was resentenced on his prior convictions. On the second degree assault conviction, the Court sentenced Petitioner to two years at Level V incarceration, with credit for time served and the balance of the sentence to be suspended. On the third degree assault conviction, Petitioner was sentenced to one year at Level V, suspended after successful completion of the Key Program. On his conviction for resisting arrest, the Court sentenced Petitioner to one year at Level V, suspended for six months at Level IV Crest upon successful completion of the Key Program. On his remaining three convictions, the Court sentenced Petitioner to one year at Level V, suspended for one year at Level III Aftercare, upon successful completion of the Key Program.

Petitioner appealed the decision of the Delaware Superior Court. On direct appeal, the Delaware Supreme Court affirmed the judgment of the superior court. *Felicetty v. State,* No. 130, 2001 (Del. Feb. 4, 2002).

On February 26, 2002, Petitioner moved for post-conviction relief. The Delaware Superior Court dismissed Petitioner's motion on the grounds that his claims were procedurally barred by Superior Court Criminal Rule 61(i)(3). On appeal, the Delaware Supreme Court affirmed the dismissal finding that Petitioner's claims were either procedurally barred under Superior Court Criminal Rule 61(i)(4) as having been previously adjudicated or procedurally barred under Superior Court Criminal Rule 61(i)(3) for failing to raise the claims on direct appeal. *Felicetty v. State,* No. 128, 2002 (Del. May 7, 2002).

In his current Petition for federal habeas relief, Petitioner raises seven claims implicating his due process rights: (1) there was no factual basis for a violation of probation because the underlying charges constituting the probation violation were not prosecuted by the State; (2) he was denied an opportunity to prepare a defense against a charge of possession of drug paraphernalia; (3) double jeopardy principles apply because he was convicted of a probation violation based on the same behavior underlying the drug charges which were not prosecuted

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                  Page 2
Not Reported in F.Supp.2d, 2003 WL 21402544 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

by the State; (4) the Superior Court judge abused his discretion in sentencing Petitioner when he relied on false and inaccurate information in the Treatment Access Center (TASC) report; (5) the judge improperly coerced witnesses to testify against him; (6) the judge improperly relied on hearsay evidence; and (7) Petitioner's sentence was outside the state sentencing guidelines. (D.I. 2 at ¶ 12 and attachment).

## STANDARD OF REVIEW

### I. Legal Principles Governing Exhaustion and Procedural Default

**\*2** Pursuant to the federal habeas statute:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Although a state prisoner need not "invoke extraordinary remedies" to satisfy exhaustion, he must fairly present each of his claims to the state courts. *Id.* at 844-45. A claim has not been fairly presented unless it was presented "at all levels of state court adjudication." *Cristin v.. Brennan,* 281 F.3d 404, 410 (3d Cir.2002).

If a claim has not been fairly presented, and further state court review is procedurally barred, the exhaustion requirement is deemed satisfied because further state court review is unavailable. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000), *cert. denied,* 531 U.S. 1082 (2001). Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, where a state court refuses to consider a petitioner's claims because he failed to comply with an independent and adequate state procedural rule, his claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192. A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Lines,* 208 F.3d at 160.

### II. Review Under the AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates the following standards of review:
(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
**\*3** (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). A federal court may issue a writ of habeas corpus under Section 2254(d)(1) only if it finds that the state court decision on the merits of a claim (1) was contrary to clearly established federal law, or (2) involved an unreasonable application of clearly established federal law. *Williams v. Taylor,* 529 U.S. 362, 412 (2000).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 3
Not Reported in F.Supp.2d, 2003 WL 21402544 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Under the AEDPA, a state court's factual determinations are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* The presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000), cert. denied, 531 U.S. 1084 (2001).

DISCUSSION

I. Petitioner's Double Jeopardy Claim

Petitioner contends that the Delaware Superior Court violated the constitutional provision related to double jeopardy by finding that he possessed drug paraphernalia in violation of the conditions of his probation, because the prosecutor elected not to prosecute Petitioner for that charge. Petitioner failed to raise this claim before the Delaware Supreme Court and relief is no longer available for Petitioner in the state courts. As such, the exhaustion requirement is excused, but Petitioner's claim is procedurally defaulted.

To overcome this procedural default, Petitioner must demonstrate cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman,* 501 at 750 (1991). In this case, Petitioner contends that he procedurally defaulted this claim, because he was unaware of the legal principles pertaining to double jeopardy. (D.I. 2 at 6). However, ignorance of the law is not cause to excuse a procedural default. *Id.* at 752. Further, Petitioner does not articulate any external factors which prevented him from raising this claim in the state court proceedings. Because Petitioner cannot establish cause to excuse his procedural default, the Court need not consider whether Petitioner can establish prejudice. *Coleman,* 501 U.S. 757.

Further, the Court concludes that Petitioner cannot establish that a miscarriage of justice will result if the Court does not review Petitioner's claims. The miscarriage of justice exception applies only in extraordinary cases and is "concerned with actual innocence as compared to legal innocence." *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992); *Murray,* 477 U.S. at 496; Petitioner makes no claim of actual innocence and advances no facts establishing actual innocence, and therefore, the Court concludes that Petitioner cannot overcome the procedural default of his double jeopardy claim.

II. Petitioner's Remaining Due Process Claims

Petitioner fairly presented each of his remaining due process claims to the Delaware Supreme Court, and therefore, Petitioner has exhausted his available state remedies with respect to these claims. Accordingly, the Court will proceed to the merits of Petitioner's exhausted due process claims.

**\*4** As a general matter, revocation of probation is not considered a stage of criminal prosecution. *United States v. Barnhart,* 980 F.2d 219, 222 (3d Cir.1992) (citing *Black v. Romano,* 471 U.S. 606, 612 (1985)). Further, the revocation of probation "does not result in a loss of liberty," because the petitioner has already been adjudged guilty and is already under supervision for his convictions. *Barnhart,* 980 F.2d at 222. As such, revocation of probation proceedings are only subject to the minimum requirements of due process. *Id.; Palmer v. Sussex Work Release Ctr.,* Civ. Act. No. 97-256-JJF, mem. op. at \*2 (D.Del. Nov. 24, 1997). Specifically, an individual charged with a violation of probation is entitled to a hearing before a neutral hearing body, written notice of the claimed violations, disclosure of evidence, an opportunity to testify, an opportunity to confront witnesses, and in some cases, the assistance of counsel. *Romano,* 471 U.S. at 612. With these legal principles in mind, the Court will review each of Petitioner's claims.

A. *Whether Petitioner Was Denied The Opportunity To Defend Against The Drug Charges Against Him*

In this case, Petitioner contends that he was denied an

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d								Page 4
Not Reported in F.Supp.2d, 2003 WL 21402544 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

opportunity to prepare a defense against a charge of possession of drug paraphernalia, because he did not receive adequate notice of the claimed violation prior to his hearing. The record in this case indicates that Petitioner was sent a written notice which advised him that he was alleged to have violated "Condition 1" of his probation, i.e. that he had committed a new criminal offense. The notice also lists one of the new offenses alleged to have been committed by Petitioner as possession of drug paraphernalia. Petitioner does not dispute that he received this notice, and Petitioner attached a copy of this notice to his Section 2254 Petition. Reviewing this claim, the Delaware Supreme Court acknowledged the circumstances of Petitioner's arrest and concluded that "there is no merit to his claim that he had insufficient notice of the nature of the alleged violation." *Felicetty,* No. 130, 2001, order at ¶ 7. Given that Petitioner received written notice of his hearing and that notice listed possession of drug paraphernalia as an alleged offense, the Court concludes that the state court's finding that Petitioner received adequate notice was not erroneous and was based on a reasonable determination of the facts and application of clearly established federal law.

### B. *Whether The Superior Court Lacked A Factual Basis To Find That Petitioner Violated His Probation*

Petitioner next alleges that there was no factual basis for the superior court judge to find that Petitioner had violated his probation, because the new charges against Petitioner were not prosecuted by the State. Stated another way, Petitioner contends that he could not have been found to have committed the new criminal offenses such that his probation was violated, because the prosecutor did not pursue the new charges against him. Proof beyond a reasonable doubt is not required to support a judge's decision to revoke probation. Rather, "it is necessary 'only that the court be reasonably satisfied that [the probationer] has violated one of the conditions of his probation." *Barnhart,* 980 F.2d at 223 (quoting *United States v. Manusak,* 532 F.2d 311, 317 (3d Cir.1976)). Further, courts have upheld revocations of probation and parole based on underlying charges which were dismissed by prosecutors. *See e.g. United States v. Clanton,* 419 F.2d 1304 (5th Cir.1969); *United States v. Welch,* 160 F.Supp.2d 830 (N.D.Ohio 2001).

**\*5** In this case, three witnesses testified that they had observed Petitioner possessing illegal drugs at his residence, and a Seaford police officer described the drug paraphernalia found at Petitioner's residence. Reviewing this claim, the Delaware Supreme Court found that "there was more than adequate support for the Superior Court's finding that [Petitioner] has committed a VOP." *Felicetty,* No. 130, 2001, order at ¶ 7. The Court agrees with the Supreme Court's assessment and concludes that its decision was based on a reasonable determination of the facts and application of clearly established federal law.

### C. *Whether The Superior Court Abused Its Discretion By Relying On False And Inaccurate Information In The TASC Report*

Petitioner next contends that the superior court judge abused his discretion in sentencing Petitioner because he relied on false and inaccurate information in the TASC report. Specifically, Petitioner contends that the report was erroneous because it recommended that he be placed in the Key Program based on drug charges that were subsequently dropped. However, the record indicates that Petitioner's probation officer recommended the Key Program regardless of whether the state prosecuted the drug charges against Petitioner. *See* Hearing of Transcript of hearing at 54 (attached to State's Motion To Affirm in *Felicetty,* No. 130, 2001). Further, as the Court previously noted, several witnesses observed Petitioner with drugs at his residence. Evaluating this claim in light of the record evidence, the Delaware Supreme Court found that the trial judge did not abuse his discretion in requiring that Petitioner participate in a drug treatment program. The Court agrees and concludes that the Delaware Supreme Court's decision was based on a reasonable determination of the facts and application of clearly established federal law.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

### D. *Whether The Superior Court Improperly Relied On Hearsay Evidence In Finding That Petitioner Violated His Probation*

Petitioner next contends that the judge improperly relied on hearsay evidence in finding that Petitioner violated his probation. The Court notes that Petitioner's counsel objected to certain testimony on hearsay grounds, and the superior court noted that certain testimony was hearsay. Reviewing this claim, the Delaware Supreme Court stated that "there is no evidence that [the hearsay] was prejudicial to [Petitioner] or that the requirements of due process were not met." *Felicetty,* No. 130, 2001, order at ¶ 7. Given the other evidence against Petitioner and the fact that Petitioner was afforded counsel and an opportunity to testify and cross-examine witnesses, the Court agrees with the Delaware Supreme Court and concludes that its decision was based on a reasonable determination of the facts and application of clearly established federal law.

### E. *Whether The Superior Court Judge Coerced A Witness To Testify Against Petitioner*

Petitioner next contends that the superior court judge improperly coerced a witness to testify against him. Petitioner's claim stems from an incident at the hearing in which the judge explained to a witness that the charges against her had been dropped and she could not be prosecuted for anything she said at the hearing. Reviewing this claim, the Delaware Supreme Court noted that two witnesses were "reluctant" to testify against Petitioner, but that no evidence of coercion existed. *Felicetty,* No. 130, 2001, order at ¶ 7. Petitioner has the burden of rebutting the presumption of correctness afforded to the state supreme court's findings by clear and convincing evidence. Petitioner offers no evidence to rebut the state court's finding, and in the Court's view, the record supports the Delaware Supreme Court's determination. Accordingly, the Court concludes that Petitioner has not demonstrated that the state court's determination of the facts was unreasonable.

### F. *Whether Petitioner Was Sentenced Outside Of The State Sentencing Guidelines*

**\*6** In his last claim for relief, Petitioner contends that the trial judge improperly sentenced Petitioner outside of the parameters of the state sentencing guidelines. Petitioner's claim is a question of state substantive law. "[A] state court's sentencing decision and claims arising out of that decision are generally not constitutionally cognizable," even if those claims are couched in terms of a due process violation. *See Dorn v. Kearney,* 1997 WL 811565, mem. op. at *2-3 (D.Del. Dec. 10, 1997). Federal courts will only review those state sentencing decisions that exceed statutory limits or are wholly unauthorized by law. *Id.* at *2. In this case, Petitioner's sentence was within the statutory limits, and therefore, federal habeas relief is unavailable for Petitioner's claim.

### III. Certificate of Appealability

After its review of Petitioner's claims, the Court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, Petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, the Court has determined that Petitioner is not entitled to federal habeas relief. The Court is persuaded that reasonable jurists would not debate the correctness of its assessments. Because the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

### CONCLUSION

For the reasons discussed, the Court will dismiss the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                                 Page 6
Not Reported in F.Supp.2d, 2003 WL 21402544 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Shawn Felicetty and deny the Writ of Habeas Corpus sought by Petitioner. In addition, the Court will not issue a certificate of appealability.

An appropriate Order will be entered.

ORDER

At Wilmington, this 10th day of June 2003, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:
1. Petitioner Shawn Felicetty's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.2) is DISMISSED and the Writ Of Habeas Corpus is DENIED.
2. The Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

D.Del.,2003.
Felicetty v. Bianco
Not Reported in F.Supp.2d, 2003 WL 21402544 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:02CV00585 (Docket) (Jun. 25, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.