

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOHN H. BENGE, JR.,    )
    *PETITIONER*    )
        )
        )
    *v.*    )      **NO. 05-0551 (GMS)**
        )
        )
**RICK KEARNEY, WARDEN**    )
**SUSSEX CORRECTIONAL**    )
**INSTITUTION; AND CARL**    )
**C. DANBERG, ATTORNEY**    )
**GENERAL OF THE STATE**    )
**OF DELAWARE**    )
    *RESPONDENTS*    )
        )

FILED

MAR 3 1 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

---

## ON PETITION FOR A WRIT OF *HABEAS CORPUS*

---

## REPLY BRIEF IN SUPPORT OF
## PETITION FOR *HABEAS CORPUS*

---

March 28, 2006

JOHN H. BENGE, JR.
SUSSEX CORRECTIONAL
    INSTITUTION
P.O. BOX 500
GEORGETOWN, DE 19947

# TABLE OF CONTENTS

Page

Table Of Citations.................................................................iii

Supplemental Statement of the Nature and
Stage Of the Proceedings.....................................................1

**Argument**

1. Each Of Petitioner's Claims For
   Habeas Corpus Relief Have Been Exhausted ...............................4

A). "Fair Presentation " Of A Habeas
    Corpus Claim ..........................................................4

B). Fair Presentation Of Petitioner's Habeas
    Corpus Claims..........................................................8

   1). The Schad Due Process Claim........................................8

   2). The Erroneous "Dangerous Instrument" 5th
       Amendment Claim ..................................................11

   3). The Prosecutorial Misconduct 5th Amendment.................13

   4). The Blakely 6th Amendment Sentencing ...........................17

   5). The DRE 404 (b) "Prior Bad Acts" Evidence
       5th Amendment Due Process Claim...................................18

   6). The Scope Of Review................................................24

   7). Futility Of Further Review ........................................25

II. Petitioner's Claims Are Not Procedurally Barred ....................26

   A). The Procedural Bar Rule...........................................26

i

B. Delaware Supreme Court Rule 8 ...............................................28

   1). The Text and History Of Rule 8..............................................28

   2). The Operations Of Rule 8......................................................29.

   3). Procedural Bar In The Third Circuit ....................................33.

   4). Petitioner's Claims Were Decided On The Merits

   5). The Adequacy Of Rule 8……………………………………37

   6). Respondent's Assert A Previously Unrecognized
       Procedural Bar As To The Prosecutorial
       Misconduct Claim……………………………………….. 39

   7). Cause And Prejudice………………………………………. 44

III. Delaware's Sentencing Scheme Violates The 6th
     Amendment As Applied To Petitioner ..............................48

   A). Blakely Issues Do Not Present Matters Of State Law……….. 48

   B). The Enhancement Of Petitioner's Sentence
       Was Impermissible Under the 6th Amendment…………….765

Conclusion………………………………………………….. 67

   A. Petitioner Is Entitled To Relief Under 28. S. C. §2254…………67

   B. Amendment Of Petitioner/Stay And Abeyance …………………68

   C. Certificate of Appealibility…………………………………69

ii

**Tables**

**Table 1**
**Table 2**
**Table 3**

**Certificate Of Service**

## TABLE OF CITATIONS

### CASES

*Amadeo v. Zant,* 486 U.S. 214 (1988)…………………………………… 67

*Appel v. Horn*, 250 F.3d 203 (3rd Cir., 2001)……………………………… 47

*Apprendi v. New Jersey*, 530 U.S. 466 (2000)……………………………. passim

*Baldwin v. Reese*, 541 US __ (2004)………………………………………… 4

*Banks v. Dretke,* 540 U.S. 668 (2004)…………………………………… 44

*Benge v. State*, Order, No. 137, 2004, November 12, 2004 (Del.)……….. passim

*Biasaccia v. Attorney General*, 623 F.2d 307 (3rd Cir., 1980) *cert. denied,*
    449 U.S. 1042 (1980)…………………………………………………….. 6

*Blakely v. Washington*, 542 U.S. ___ (2004)……………………………. passim

*Boatson, v. State,* 457 A. 2d 738 (Del., 1983)…………………………….16

*Bowling v. Parker,* 344 F. 3D 487 (6th Cir., 2003)……………………… 40

*Bradshaw v. Richey, 546 U.S. ___(2005)*…………………………………. 30

*Brokenbrough v. State,* 522 A. 2d 851 (1987)………………………… 16

*Bronshtein v. Horn, 404 F. 3rd 700* (3rd Cir., 2005)…………………… 26

*Brown v. Allen*, 344 US 443 (1953)………………………………………… 49

*Brown v. Payton*, __US__ (2005)…………………………………………… 49

*Bullock v. State, 775* A.2d 1043 (Del., 2001)…………………………… 24

*Cabrera v. Barbo*, 175 F. 3rd. 307 (3rd. Cir., 1999)………..…………… . 34

*Caparo v. State*, __A.2d __ (Del., 2006)………………………….………… 60

*Capano v. State, 781* A.2d 556 (Del., 2001)……………………………… 23

*Castille v. Peoples, 489* US 346 (1989)…………………………………… 6

*Clayton v. State,* 765 A. 2d. 940 (Del., 2000)…………………………. 16

*Coleman v. Thompson,* 501 U.S. 722 (1991)………………………….. 26

*Daniels v. State,* 859 A. 2d 1008 (Del., 2004)………………………….. 15

*Daye v. Attorney eneral Of New York,* 696 F.2d 186 (2nd Cir.,1982) ………. 6

*Deshields v. State,* 706 A 2d 502 (Del., 1998)…………………………….. 22

*Doctor v. Walters,* 96 F.3d 675 (3Rd Cir., 1996)………………………… 7

*Donnelly v. DeChristoforo,* 416 U.S. 637 (1974)……………………… 16

*Dowling v. United States,* 493 U.S. 342 (1990) ………………………… 24

*Duncan v. Henry,* 513 US 364 (1995)………………………………………… 5

*Dye v. Hofbauer,* __US__ (2005)……………………………………………… 8

*Duphily v. Delaware Electric Cooperative,Inc.,* 662 A.2d 821 (Del.1995). 32

*Dyson v. United States,* 418 A 2d 127 ( D.C. App., 1980……………….. 15

*Engle v. Issac,* 456 US 107 (1982)…………………………………………….. 25

*Evans v. Court of Common Pleas, Delaware County,*
*Pennsylvania,* 959 F.2d 1227 (3rd Cir., 1992)……………………………… 6

*Everett v. Beard,* 290 F.3d 500 (3rd Cir., 2002)……………..…………….. 67

*Farmer v. Litscher,* 303 F. 3d 840  (7th Cir., 2002)………………………… 40

*Floray v. State,* 720 A 2d 1132 (Del.,1998)……………..……… ………. 12

*Ford v. Georgia,* 498 U.S. 411 (1991)…………………………………….. 27

*Fountain v. State, 275 A.* 2d 251 (Del., 1971)…………………………… 29

*Frazier v. Huffman,* 348 F. 3d 174 (6th Cir., 2003)………………………. 40

*Gattis v. Snyder,* 278 F.3d 222 (3rd Cir., 2002)…………………………. 67

*Getz v.State, 538 A.* 2d 726 (Del., 1988)……………………………..…… 20

*Granberry v. Green,* 481 U.S. 129 (1987)……..……….………………. 25

*Hollowell v. Keve,* 555 F. 3d 103 (3rd Cir., 1977)…………………….. 13

*Hooks v. State,* 416 A. 2d 189 (Del., 1980)……………………………… 15

*Hughes v. State,* 437 A. 2d 559 (Del., 1981)……………………….......  15

*Humphrey v. Cady*, 405 US 504 (1972)…………………………………..  5

*Idaho v. Stover,* No. 30313 (January 6, 2005)…………………………… 60

*Ivy v. Caspari,* 173 F. 3d 1136 (8th Cir., 1999)…………………………… 44

*Jacobs v. Horn,* 395 F.3d 92 (3rd Cir., 2005)……………………………… 67

*Jenkins v. State*  305 A. 2d 610 (Del., 1973)……………………………….. 29

 *Johnson v. Pinchak, 392* F. 3d 551 (3rd Cir., 2004)……………………… 34

*Johnson v. Carroll*, 327 F. Supp 2d 386 (D.Del., 2004*)* aff'ed 157 Fed.Appt

472 (3rd Cir., 2005) ….. 37

*Keller v. Larkins*, 251 F.3d 403 (3rd Cir., 2001)……………………………  7

*Kominski v. State,* 154 A 2d 691 ( Del., 1959)……………………………. 29

*Kotteakos v. United States*, 328 U.S. 750 (1946)…………………………..  15

*Lea v. Kemna*,  534 U.S. 362 (2002)……………………………………… 27

Lesko *v. Owens*  881 F. 2d 44 (3rd Cir., 1989)……………………………. 23

*Lewis v. State,* 757 A. 2d 712 (Del., 2000)………………………………… 33

*Lines v. Larkins*, 208 F.3d 153 (3rd Cir., 2000)…………………………..  6

*Lopez v. State*, Case No. 04SC150 (Colo., 2005)…………………………… 50

*Marshal v. Hendricks*, 307 F.3[d]  36 (3rd Cir., 2002)……………………… 67

*McBride v. State,* 477 A 2d 174 (Del., 1984)……………………………… 30

*McCandleless v. Vaughn*, 172 F.3d 255 (3rd Cir., 1999)………………… passim

*Michael v. State,* 527 A. 2d 752 (Del., 1987)……………………………… 16

*Michigan v. Claypool*, 684 N.W.2d 278 (Mich., 2004)........................ 59

*Milligan v. State,* 761 A 2d 6 (Del., 2000)……………………………... 22

*Minnsesota v. Shattuck*, 689 N.W.2d 785 (Minn., 2005)...................... 51

*Moore v. State,* 652 A. 2d 560 (Del.,1995)…………………………….. 22

*Moorhead v. State,* 638 A 2d 52 (Del., 1994)……………………………. 22

*Murray v. Carrier*, 477 US 478 (1986)…………………………………... 43

*New Jersey v. Abdullah*, 878 A.2d 746 (N.J., 2005)……………………… 52

*New Jersey v. Natale*, 878 A.2d 746 (N.J., 2005)……………………….... 52

*People v. Black*, 35 Cal. Rpt.4th 1238 (Cal., 2005)…………………….…. 58

*People v. Nitz,* __N.E.2d (Ill. App., 2005)…………………………………. 50

*Peterson v. Hall,* 421 A. 2d 1350 (Del., 1980)…………………………….. 30

*Picard v, Conner*, 404 US 270 (1971)……………………………………… 4

*Pierson v. De La War School District*
*Board of Education*, 300 A. 2d 3 (Del., 1972)………………………….. 29


*Price v. State,* ____ A. 2 d____ (Del., 2003)………………………………. 16

*Probst v. State,* 547 A. 2d . 114 (Del., 1998)……………………………… 10

*Reynolds v. Ellingsworth,* 843 F. 2d 712 (3rd Cir., 2001)……………….... 27

*Rhines v. Weber*, 544 US__ (2000)……………………………………….... 69

*Riley v. Taylor,* 277 F.3d 261 ( 3rd Cir., 2001)……………………………. 35

*Riley v. State,* 495 A 2d 997 (Del., 1985) ………………………………… 38


*Ring v. Arizona*, 536 U.S. 584 (2002)…………………………………….... 61

*Rose v. Lundy*, 455 US 509 (1982)………………………………………… 68

*Ross v. Petsock,* 868 F.2d 639 (3rd Cir., 1989)………………………..….. 68

*Sawyer v. State,* 634 A. 2d 377 (Del., 1993) ……………………………….. 23

*School v. Arizona,* 501 U.S. 624 (1991)……………………………………….. 8

*Schmitz v. Carroll,* No. 02-1527(GMS) (D. Del., October 10 , 2003).. …… 65

*Shelton v. State,* 744 A 2d 465 (Del., 1999)…………………………………… 32

*Slack v. McDaniel*, 529 US 473 (2000)………………………………………… 69

*Smith v. Digmon,* 434 US 332 (1978)…………………………………………… 8

*Smylie v. State,* 823 N.E.2d 679 (Ind., 2005)…………………………………. 50

*State v. Allen*, 615 S.E.2d 256 (N.C., 2005)…………………………………… 52

*State v. Brown*, 99 P.3d 15 (Ariz., 2004)……………………………………… . 49

*State v. Brown,* No. 03-K-2788 (La., 2004)…………………………………… 51

*State v. Gould*, 23 P.3d 801 (Kas., 2001)…………………………….……… 51

*State v. Dilts*, 82 P.3d 593 (Ore., 2003)……………………………………… 53

*State v. Foster,* ___N.W. 2d ___ (OHIO, 2006)………………………………… 52

*State v. Lucas*, 548 S.E.2d 712 (N.C., 2001)………………………………… 52

*State v. Rivera*, 102 P.3d 1044 (Hai., 2004)………………………………… 60

*State v. Schofield,* 876 A.2d 43 (Me., 2005)………………………………… 51

*Stewart v. Smith,* 536  U.S. 856 (2002)……………………………………… 36

*Strickler v. Green,* 527 U.S. 263  ( 1999)…………………………………… 44

*Stulzker v. Johnson*  393 F. 3d  373  ( 3 Cir.,2004)………………………….. 46

*Swanger v. Zimmerman,* 750 F.2d 291 (3rd Cir., 1984)………………………… 8

*Tennessee v. Lopez*, 163 S.E.2d 658 (Tenn., 2005)…………………………… 58

*Trowbridge v. State*, 717 N.E.2d 138 (Ind., 1999)……………………………50

*Trump v. State,* 753 A 2d 963 (Del., 2000)………………………………… 22

*United States v. Cepero*, 224 F.2d 256 (#rd Cir., 2000)………………………. 70

*United States v. Olano,* 507 U.S. 725 (1985)…………………………………… 12

*United States v. Young,* 470 U.S. 1 (1985)………………………………………16

*Villot v. Varner*, 373 F. 3d 327 (3rd Cir., 2004)………………….…………….33

*Wainwright v. State,* 504 A. 2d 1096 (Del.,1986)……………………………… 12

*Wainwright v. Sykes,* 433 U.S. 72 (1977)……………………………………… 43

*Walker v. Endell,* 850 F.2d 470 (9th Cir., 1987) …………………………….. 37

*Walls v. State,* 560 A. 2d 1038 (Del.,1989) ……………………………………..24

*White v. State,* 576 A.. 2d 1322 (Del., 1990) …………….………………………31

*Whitney v. Horn*, 280 F.3d 240 (3rd Cir., 2002)……………………………… 25

*Williams v. Taylor*, 529 US 362 (2000)………………………………………… 67

*Wilmington Memorial Co. v. Silverbrook Cemetery Company,*
    297 A. 2d 378 (Del., 1972)……………………………………… 29

*Wilmington Trust Company v. Barry,* 359 A. 2d 664 (Del., 1979)…………… 29

*Ylst v. Nunnemaker,* 501 U.S. 797 (1991)…………………………….……….. 27

CONSTITUTIONAL PROVISIONS

United States Constitution, Amendment V---------------------------------- passim
United States Constitution, Amendment VI-------------------------------- passim

FEDERAL STATUTE

28 U.S.C. §2254------------------------------------------------------------------ passim

DELAWARE STATUTE

11 Del. C. §4204(m)……………………………………………………  63

FEDERAL RULES

FRCP Rule 25 (d)(1)…………………………………………………………………  1

DELAWARE COURT RULES

Supreme Court Rule 8………………………………………………..passim, post - 28

Superior Court Criminal Rules
Rule 61 (i)(3)……………………………………………………………..  39

Delaware Rules Of Evidence
403 …………………………………………………………………………  20
404 (b)……………………………………………………………………  18

## SUPPLEMENTAL STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Following the entry by this Court of a scheduling order dated October 11, 2005, as extended by order of December 1, 2005, respondents Rick Kearney, Warden, Sussex Correctional Institution, and Carl C. Danberg, FRCP Rule 25 (d)(1) substituted respondent Attorney General of the State of Delaware, ("Respondents") have filed an answer to the petition (the "Answer") in this *habeas corpus* action.

In the Answer filed in this action, Respondents assert:

❖ that Petitioner's *habeas corpus* claim based upon the trial court's admission of "prior bad acts" evidence is not exhausted;

❖ with the exception of Petitioner's *Blakely* and "prior bad acts" evidence claims, the 5th and 6th Amendment claims relied upon by Petitioner are procedurally barred;

❖ that Petitioner's 6th Amendment *Blakely* claim is not a cognizable claim in a federal *habeas corpus* court as it presents a question solely of state law; and

❖ that as Petitioner's claims afford him no basis for *habeas corpus* relief, his petition should therefore be dismissed.

1

As to Petitioner's *habeas corpus* claim based upon *Blakely v. Washington*, 542 US __ (2004), the Respondents do not contend that Petitioner's account of the legislative history of the Delaware sentencing scheme as set forth in his opening brief is inaccurate or incomplete. Nor do Respondents take issue with Petitioner's assertion that the facts upon which the sentencing judge enhanced Petitioner's sentence were not tried to a jury or admitted by Petitioner. The Respondents also do not dispute the notion advanced by Petitioner that under Delaware's sentencing scheme, a sentencing judge *must* state "reasons" in order to impose a sentence that departs from the SENTAC presumptive sentences and that in Petitioner's case those "reasons" equate to findings of fact on matters not tried to a jury. (See Petitioner's opening brief on *habeas corpus*, pp. 20–39).

Petitioner further calls to the attention of the Court that the documents filed by Respondents with the Answer include only Petitioner's brief and appendix on direct appeal; the State's answering brief on direct appeal and the appendix thereto; and the Delaware Supreme Court's dispositive order. Not included with the documents filed by Respondents with the Answer is Petitioner's reply brief on direct appeal (this is included in the appendix submitted with this brief - Petitioner's *habeas corpus* reply brief – see the Appendix to this brief, A1-A15). The availability of the transcript of

Petitioner's trial and sentencing is not mentioned in the Answer; both proceedings were fully transcribed and the transcripts are available to the Court upon reproduction.

Finally, the Answer does not raise any issue of non-retroactivity or the bar of the statute of limitations.

# ARGUMENT

## 1).Each Of Petitioner's Claims For Habeas Corpus Relief Have Been Exhausted

Although Respondents' Answer raises the issue of failure to exhaust as to only one of the five claims for relief set forth in Petitioner's *habeas corpus* petition, the Answer does not expressly waive exhaustion as to any ground. The following section of this brief therefore demonstrates that each ground for *habeas corpus* relief set forth in the petition filed in this action has been exhausted.

### A). "Fair Presentation" Of A *Habeas Corpus* Claim

To satisfy the exhaustion requirement of 28 U.S.C. §2254, state courts must be given one full "opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Baldwin v. Reese*, 541 US (2004); *Duncan v. Henry*, 513 US 364 (1995); *Picard v, Conner*, 404 US 270 (1971). The necessary "opportunity" knocks when the prisoner has "fairly presented" his federal claim, thereby "alerting" the state courts to the federal nature of his claim. *Baldwin v. Reese, supra; Duncan v Henry supra; O'Sullivan v. Boerckel*, 526 US 838 (1999).

4

While it is now clear that "fair presentation" must appear and be made in the confines of an appellate brief or similar legal pleading (*Baldwin v. Reese, supra*), it remains the case that a *habeas corpus* petitioner need not have recited "book and verse" of the Federal Constitution in any such document. *Picard v. Conne,, supra*, 404 US, at 277; *McCandleless v. Vaughn*, 172 F.3d 255 (3rd Cir. , 1999), at 261. In other words, "...the absence of *explicit* reference to federal law does not resolve the issue of whether a federal claim was fairly presented." *Id.* 172  F.3d, at 261 (emphasis supplied).

There is, accordingly, no need to state the federal claim in any particular manner or to invoke any "talismanic" constitutional phrase. *Evans v. Court of Common Pleas, Delaware County, Pennsylvania*, 959 F.2d 1227 (3rd Cir., 1992), at 1230-1233. A petitioner need only fairly present in state court the *substance* of the claim later asserted for *habeas corpus* relief. *Humphrey v. Cady*, 405 US 504 (1972). This a petitioner may do in a number of ways.

In *Evans v. Court of Common Pleas, supra*, the Third Circuit noted *some* of the ways in which a *habeas corpus* petitioner may communicate to a state court that a federal claim is being asserted without explicit reference to the Federal Constitution. Quoting *Daye v. Attorney General Of New York*,

696 F.2d 186 (2nd Cir., 1982), the Third Circuit held the "required message" can be conveyed through: a) reliance on pertinent federal cases employing constitutional analysis; b) reliance on state cases employing constitutional analysis in like fact situations; c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; or d) allegation of a pattern of facts well within the mainstream of constitutional litigation. *Evans, supra*, 959 F.2d at 1232; see also *McCandleless v. Vaughn, supra*, at 172 F.3d 261; as to a) and b) above, see also *Baldwin v. Reese, supra*.

Through means such as those described in *Evans*, a petitioner satisfies the exhaustion requirement by asserting in state court a legal theory and facts that are substantially equivalent to those contained in his *habeas corpus* petition, *Castille v. Peoples*, 489 US 346 (1989); *Doctor v. Walters*, 96 F.3d 675 (3rd Cir., 1996); *Lines v. Larkins*, 208 F.3d 153 (3rd Cir., 2000).

Exhaustion may be satisfied *without* mention of the Federal Constitution and absent citation to federal case law by an adequate statement of the facts involved in a state court pleading together with such words and phrases as: "[petitioner] is entitled as a constitutional right to a fair trial." *Biscaccia v. Attorney General Of New Jersey*, 623 F.2d 307 (3rd Cir., 1980), at 310; the right to a "fair trial," *Evans, supra*, 959 F.2d, at 1233; by a

passing reference to the concept of a "fair trial," *Keller v. Larkins*, 251 F.3d 403 (3rd Cir., 2001); and the "right to a fair trial," *Daye v. Attorney General Of New York, supra,* 696 F.2d, at 189.

When a claim is so presented in state court, a federal *habeas corpus* court "…cannot assume that the [state court] did not recognize the constitutional implications of such a claim." *Daye v. Attorney General of New York, supra,* 696 F.2d, at 197.

The Supreme Court within the past four months has addressed the *habeas corpus* "fairly presented" standard in an exhaustion case. In *Dye v. Hofbauer,* __US_, No 04-8384 (October 11, 2005), the petitioner's claim of prosecutorial misconduct had been analyzed and rejected by the Michigan state courts *solely* as a question of *state* law. On review of a *habeas corpus* petition, the Sixth Circuit found the misconduct claim to not have been "fairly presented." The Supreme Court summarily granted *certiorari* and reversed in a *per curiam* opinion. The Supreme Court concluded that the Petitioner's failure to mention the Federal Constitution in his state court pleadings was not fatal to his argument that the claim had been exhausted because his fourth argument on direct appeal was that "the prosecutor denied defendant due process of law and a fair trial by numerous instances of misconduct."

A further principle applicable to "fair presentation" and exhaustion is
that, provided a claim has in fact been fairly presented to the state courts, the
exhaustion requirement is satisfied even if the state courts on appeal did not
decide, consider, or even discuss the issues later presented in a *habeas
corpus* petition. *Swanger v. Zimmerman*, 750 F.2d 291 (3rd Cir., 1984) at
295; or if the state court chose to ignore the Federal Constitutional claim.
*Smith v. Digmon*, 434 US 332 (1978).

## B). Fair Presentation Of Petitioner's *Habeas Corpus* Claims

### 1). The *Schad* Due Process Claim

Ground one in Petitioner's petition for *habeas corpus* in this Court is a
5th Amendment due process claim brought under *Schad v. Arizona*, 501 US
624 (1991). This ground asserts that the trial court's failure to instruct the
jury that their verdict had to be unanimous as to both Petitioner's state of
mind and the means of commission of the offense of assault 2nd° of which
Petitioner was found guilty constitutes a due process violation. This claim  is
set forth in Petitioner's opening brief in this Court, pages 30-56 and on
direct appeal to the Delaware Supreme Court at pages 19-20 of his opening
brief (Appendix to opening *habeas corpus* brief, A208-A209) and pages 9-

10 of his reply brief in that court (Appendix to Petitioner's reply *habeas corpus* brief, A19-A20).

On direct appeal, Petitioner framed this "specific unanimity" argument in terms of his right to a unanimous jury finding: "...because the trial evidence could have supported a verdict of assault second degree based on either of two acts – spraying Stacey Smith with pepper spray or causing a gunshot wound to his shoulder – the trial court's failure to specifically charge the jury as to the lesser included offense of assault second degree with respect to these two distinct acts deprived the [Petitioner] of the right to a unanimous jury verdict." (Petitioner's brief on direct appeal, p.19, Appendix to Petitioner's opening brief on *habeas corpus*, A209).

This statement of the *Schad* issue – the necessity for a specific unanimity instruction as to the assault 2nd° offense – constitutes fair presentation under *Dye v. Hofbauer, supra*, a well as the c) and d) tests in *Evans/McCandleless* – assertion of a claim in terms so particular as to call to mind a specific right protected by the Constitution; and allegation of a pattern of facts well within the mainstream of constitutional litigation – i.e., the *Schad* precept in terms of the possibility of multiple and exclusive verdicts of guilty with respect to the charged offense of assault 2nd°.

Petitioner's citation in his brief in the Delaware Supreme Court to *Probst v. State,* 547 A.2d 114 (Del., 1998) also constituted fair presentation of Petitioner's ground one due process claim. *Probst* is a right to jury trial case based on *Schad*; Petitioner therefore relied on as state case employing constitutional analysis in a like fact situation – subpart b) of the *Evans/McCandleless* test.

In its brief on the direct appeal, the State conceded the federal constitutional nature of the issue raised by Petitioner under *Probst* by acknowledging that the argument was one based upon an asserted violation of the 6th Amendment.[1] To be precise, the State's brief on direct appeal stated the *Probst* issue as follows:

> Defendant now argues that the language of the lesser included second degree assault instruction that "The [Defendant] caused physical injury to Edward S. Smith by means of a deadly weapon or a dangerous instrument."…violates the Sixth Amendment specific unanimity requirement as announced in *Probst v. State*, 547 A.2d 114, 120-24 (Del., 1988).

> > State's answering brief on direct appeal, p. 23. (set forth herein exactly as in original)

Petitioner's 5th Amendment *Schad* claim was therefore presented to the Delaware Supreme Court in conformity to the b), c), and d) tests in

---

[1] As *Schad* itself observes, the constitutional basis of the need for a unanimous jury is often mistakenly identified as a 6th Amendment claim rather than a 5th Amendment due process issue.

*Evans McCandleless* as well as *Baldwin* and *Dye v. Hofbauer.*

## 2). The Erroneous "Dangerous Instrument" Instruction 5th Amendment Claim

Petitioner's *habeas corpus* petition Ground Two (*Habeas Corpus* petition, pp. 7 – 9) is a 5th Amendment due process claim based upon the contention that an erroneous and incomplete instruction had a substantial and injurious effect and influence on the jury's verdict (Petitioner's *habeas corpus* brief, pp. 57 – 63).

This ground was presented to the Delaware Supreme Court in Petitioner's brief on direct appeal as follows: "...because the lesser included offense of assault third degree was inadequately defined, the [Petitioner] was denied his right to a correct instruction." (Petitioner's opening brief on direct appeal, pp. 21–22), Appendix to Petitioner's opening *habeas corpus* brief A211 - 212).

This was repeated in Petitioner's reply brief on direct appeal – Petitioner argued that the State's suggestion that the erroneous instruction was not prejudicial "...contradicts the fundamental principle that jury instructions or offenses must be both correct and based on evidence presented at trial." (Reply brief on direct appeal, p.11, Appendix to reply *habeas corpus* brief A21).

11

Read fairly, Petitioner's argument on this issue on direct appeal challenged the fundamental fairness/ fair trial aspects of the lesser included offense instruction given by the trial court-that the incorrectness and incompleteness of that instruction was of such an impact as to substantially affect the outcome of the trial. The argument was therefore a due process argument. It went beyond a mere contention that the instruction misstated state substantive law. The erroneous instruction was so flawed as to mislead the jury as to the basis upon which they could have convicted Petitioner of assault third degree, a misdemeanor under Delaware law.

On direct appeal, in contrast to this *habeas corpus* proceeding, the State recognized the fair trial/due process aspect of Petitioner's argument. In its brief to the Delaware Supreme Court, the State argued that the trial court's error was not of such a dimension as to affect the "outcome of the trial," (State's answering brief on direct appeal, p. 27) citing *United States v. Olano,* 507 US 725 (1993), *Wainwright v. State,* 504 A.2d 1096 (Del., 1986), and *Floray v. State,* 720 A.2d 1132 (Del., 1998)- three due process cases. In  its orders in the case, the Delaware Supreme Court also viewed the issue as directed to the outcome of the case *Benge v. State, supra,* slip opinion, p. 9.

The parties and the Delaware Supreme Court focused on the impact of the erroneous instruction in terms of the jury's ability to properly perform its duty – a due process issue.

This 5th Amendment claim was therefore "fairly presented" under the c) and d) tests of Evans/*McCandleless* as well as *Dye v. Hofbauer, supra.*

Petitioner is acutely aware of the limits imposed on a federal *habeas corpus* court with respect to court instructions on state law.

> Normally jury instructions in State trials are matters of State law. *United States ex. rel. Stanbridge v. Selher*, 514 F. 2d 45,50 (2nd Cir., 1975) *cert. denied* 423 US 872 (1975). However, they are reviewable by a federal court on collateral attack where the instruction violates specific federal constitutional standards imposed on the States through the due process clause of the Fourteenth Amendment, *Cupp v. Haughten* 414 US 141 (1973).

.*Hollowell v.Keve* 555 F.2d 103 (3rd Cir., 1977),at 106.

Notwithstanding that general rule, Petitioner's case is one such instance in which due process was violated by the erroneous instruction given to the jury.

## 3). The Prosecutorial Misconduct 5th Amendment Claim

Petitioner presented the prosecutorial misconduct claim (*habeas corpus* petition ground three, pp. 9-10; brief on *habeas corpus*, Argument III, pp.

64-72) in several ways that satisfy the criteria of both *Dye v. Hofbauer* and *Evans/McCandleless*.

Petitioner's prosecutorial misconduct 5th Amendment claim is Ground three of his *habeas* corpus petition (petition, pp.9-10) and is set forth at pages 64-72 of Petitioner's opening brief in this Court. On direct appeal, the argument was made at pages 14-18 of the opening brief (appendix to Petitioner's opening *habeas corpus* brief, A204-A208) and pages 5-8 of Peti-tioner's reply brief to the Delaware Supreme Court (Appendix to Petitioner's reply *habeas corpus* brief, A15-A18).

Petitioner's argument, as that made in *Dye v. Hofbauer,supra*, framed the issue as one of a fair trial. Petitioner's Argument III on direct appeal was headed as follows:

> The Prosecutor's Personally Sarcastic
> Remark To The [Petitioner] Before The
> Jury That He Was A "Real Humanitarian"
> Unfairly Deprived The Defendant Of A Fair Trial.
>
> > (Petitioner's opening brief
> > on direct appeal,p.14; Appendix to
> > Petitioner's opening *habeas corpus*
> > brief, A204).

Thrice more in his opening brief to the Delaware Supreme Court, Petitioner stated the issue of prosecutorial misconduct as a due process issue:" The prosecutor's gratuitous, intentionally sarcastic