IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JOHN H. BENGE**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-551-GMS |
| | : | |
| **RICK KEARNEY**, Warden, | : | |
| **M. JANE BRADY**, Attorney General | : | |
| of the State of Delaware | : | |
| | : | |
| Respondents. | : | |

## **ANSWER**[1]

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, the respondents state the following in response to the petition for a writ of habeas corpus:

The petitioner, John Benge, pled guilty in the Delaware Superior Court in and for New Castle County on January 13, 2004 to two counts of third degree burglary (DEL. CODE ANN. tit. 11, § 824)), three counts of unlawful interception of oral communications (wiretapping) (DEL. CODE ANN. tit. 11, § 2402), and one count of attempted wiretapping. Benge was sentenced on March 19, 2004 to five years in prison, suspended after three years for probation on the first wiretapping charge.

---

[1] By order dated September 28, 2006, the Court struck the resondents' answer which was filed on February 1, 2006. The petitioner has two pending federal habeas actions (Civ. Act. Nos. 05-550-GMS and 05-551-GMS), and according to the Court, the respondents had misnumbered the corresponding answers. Counsel notes that he discussed the matter with the Clerk of the Court when the copy of the petition was received without a case number affixed. Pursuant to the Court's instruction, the answers have been renumbered and submitted without additional argument.

On each of the remaining wiretapping counts, Benge was sentenced to one year in prison suspended for probation. For each burglary charge, Benge was sentenced to three years in prison suspended for probation. On direct appeal, the state supreme court affirmed the conviction and sentence. *Benge v. State*, No. 137, 2004 (Del. Nov. 12, 2004). The record reveals that Benge did not pursue state post-conviction remedies. (D.I. 1 at 3 (¶ 10)).

As reported by the state supreme court in the direct appeal, Benge admitted that he entered his estranged wife's former home and installed a recording device to eavesdrop on her. He pled guilty to the charges in this case three months after having been sentenced on several violent felony charges, which resulted from an incident involving his former wife and her boyfriend.[2] After hearing from the victim and Benge, the Superior Court found that Benge had demonstrated a lack of remorse prior to imposing sentence. *Id.*

## Discussion

In his habeas petition, Benge presents two grounds for relief: 1) that the five-years sentence imposed on one of the wiretapping convictions ran afoul of the rule in *Blakely v. Washington*, 542 U.S. 296 (2004); and 2) that the sentence was imposed in violation of the right to "petition for redress of a grievance." (D.I. 1, 3 ). A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275

---

[2] *See Benge v. State*, No 544, 2003 (Del. Nov. 15, 2004). That conviction in the Delaware Superior Court in and for Sussex County is the subject of a separate federal habeas proceeding (*Benge v. Kearney*, No. 05-551-GMS).

(1971); *Dawson v. Snyder*, 988 F. Supp. 783, 802 (D. Del. 1997). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *see also Picard*, 404 U.S. at 275; *Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1996); *Burkett v. Love*, 89 F.3d 135,138 (3d Cir. 1996). Further, a petitioner must have raised in the state courts the factual and legal premises of his claims presented in the petition. *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). If the claim is fairly presented, then state remedies have been exhausted regardless of how the state court disposes of the claim. *Smith v. Digmon*, 434 U.S. 332, 333 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).

An analysis of the second claim presented by Benge reveals that the claim has not been presented to the state courts. Benge presented a single claim on direct appeal: that the five-years sentence imposed on one of the wiretapping convictions ran afoul of the rule in *Blakely v. Washington*, 542 U.S. 296 (2004), i.e., the first claim presented in the petition. There was no reference in the opening brief to an argument regarding the right to petition for redress, and for that matter, the word "redress" does not appear in the text of the opening brief. *See generally* Op. Brf. in *Benge v. State*, No. 137, 2004. Facially, the two arguments present very different propositions and are thus discrete claims for purposes of an exhaustion analysis. *Cf. Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir. 1990)*; Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). (holding no exhaustion of state remedies when an ineffective assistance of counsel claim made in state court was based on counsel's instructions and explanations regarding plea bargain, and claim in federal court was that

counsel was ineffective in failing to protect juvenile status of the petitioner); *Bright v. Snyder*, 218 F. Supp. 2d 573, 578-79 (D. Del. 2002) (due process claim was distinct from an allegation that the state courts' evidentiary ruling was erroneous). Thus, a review of the record in this case confirms that Benge did not present to the state courts the second claim, and he has thus failed to exhaust state remedies.

If, however, there is no available state remedy, Benge is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 453 (D. Del. 1998); *Dawson*, 988 F. Supp. at 804. Benge's second claim would now be deemed procedurally defaulted under Superior Court Criminal Rule 61(i)(3), which provides that any claim not raised in the proceeding leading to conviction is thereafter barred unless a petitioner can establish cause and actual prejudice. *See Dawson*, 988 F. Supp. at 804-05; *DeShields v. Snyder*, 830 F. Supp. 819, 822 (D. Del. 1993); *Flamer v. Chaffinch*, 827 F. Supp. 1079, 1087-88 (D. Del. 1993). Thus, because there is no available state remedy, Benge should be excused from the exhaustion requirement regarding his second claim. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie*, 9 F. Supp. 2d at 454; *Dawson*, 988 F. Supp. at 804; *cf.* 28 U.S.C. § 2254(b)(1)(B)(i).

Federal habeas review is barred, however, unless Benge can establish cause for the procedural default and actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson*, 988 F. Supp. at 804-05; Johnson v. Ellingsworth, 783 F. Supp. 215, 218-21 (D. Del.

1992).  To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805.  To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . [the plea proceeding] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)); *Dawson*, 988 F. Supp. at 804-05.

   Benge, however, has not alleged cause, i.e., an external impediment which prevented him from presenting this claim to the state courts, nor does the record reveal cause for the procedural default. *See Coleman*, 501 U.S. at 752 (rejecting claim that cause was established due to ignorance or inadvertence of counsel) (citing *Carrier*, 477 U.S. at 487); *Dawson*, 988 F. Supp. at 809-10.  Because Benge has not established cause for his procedural default, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Caswell*, 953 F.2d at 863;  *Lawrie*, 9 F. Supp. 2d at 454; *Dawson*, 988 F. Supp. at 804-05;  *Carter v. Neal*, 910 Supp. 143, 151 (D. Del. 1995).  Therefore, consideration of Benge's second claim is procedurally barred, and the claim should be rejected.

   The "miscarriage of justice exception" to the procedural default rule applies only to "extraordinary cases." *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 496, *cited in Carter*, 910 F. Supp. at 151.  To establish a miscarriage of justice, Benge must show that it is more likely than not that no reasonable juror would have

convicted him. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (holding a miscarriage of justice "in a colloquial sense is the case where the State has convicted the wrong person of the crime"). Here, Benge has not alleged any facts that would tend to establish that he is actually innocent of the crimes for which he was convicted by guilty plea, or that the Court's failure to consider his claims will otherwise result in a fundamental miscarriage of justice. *See Dawson*, 988 F. Supp. at 807-08; *Carter*, 910 F. Supp. at 151.

*First Claim–Sentencing Decision Does Not Provide a Basis for Relief*

In the first claim, Benge contends that the holding in *Blakely v. Washington*, 542 U.S. 296 (2004) invalidates the five-year sentence, suspended after three years for probation, imposed by the Superior Court on one of the wiretapping charges. The wiretapping charge at issue here is designated under state law as a class E felony. DEL. CODE ANN. tit. 11, § 2402(e). The sentence for a class E felony under state law may include up to five years imprisonment, i.e., the sentence that Benge received. DEL. CODE ANN. tit. 11, § 4205(b)(5). Thus, Benge was sentenced within the applicable statutory limit under state law, and Benge does not dispute this point. *See* D.I. 3 at 1.

As an initial matter, it is well-settled that a question of state substantive law is not a proper subject for federal habeas corpus review. 28 U.S.C. § 2254(a); *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977); *Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 42-43 (3d Cir. 1984). A state court's sentencing decision, which is authorized by law and does not exceed statutory limits, and the claims arising out of that decision are generally not constitutionally cognizable. *Dorn v. Kearney*, Civ. Act. No. 96-301-SLR, 1997 WL 811565 at *2 (D. Del. Dec. 10, 1997); *Twyman v. Brewington-Carr*, Civ. Act. No. 96-265-SLR, 1997 WL 309456 at *3 (D. Del. Apr. 7, 1997). Thus, sentencing is considered a matter of state law even if the petitioner's claim is couched in terms of due process. *Twyman*, *supra* at *3 (citing *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). Under Delaware law, the SENTAC sentencing guidelines are considered voluntary and non-binding. *Dorn*, *supra* at * 3; *Mayes v. State*, 604 A.2d 839, 845-46 (Del. 1992); *Gaines v.*

7

*State*, 571 A.2d 765, 766-67 (Del. 1990); *Ward v. State*, 567 A.2d 1296, 1297 (Del. 1989). Accordingly, as this Court has held repeatedly, a challenge to Delaware's voluntary and indeterminate sentencing scheme, standing alone, does not provide a basis for federal habeas relief. *E.g., Schmitz v. Carroll*, Civ. Act. No. 02-1527-GMS, 2003 WL 22299028 at *22 (D. Del. Oct. 7, 2003); *Dorn, supra* at *2-3; *Twyman, supra* at *3.

Benge's reliance on *Blakely* does not alter the result. Benge presented in the direct appeal a claim based on *Blakely*. Accordingly, state remedies are exhausted. Federal habeas review of the merits of a claim in this case is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Revised § 2254 restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. As amended, § 2254(d) states:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see, e.g., Price v. Vincent*, 538 U.S. 634 (2003); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003); *Woodford v. Visciotti*, 537 U.S. 19, 21-22 (2002); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000). The issue here is thus whether the decision of the state

supreme court was contrary to, or involved an objectively unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See Hameen v. Delaware*, 212 F.3d 226, 235 (3d Cir. 2000).

*Blakely* was a case specific application of the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Blakely*, 542 U.S. at 301; *see also Ring v. Arizona*, 536 U.S. 584 (2002). The rule in *Blakely*, consistent with *Ring* and *Apprendi*, stands simply for the proposition that the "statutory maximum" sentence is the maximum sentence a judge may impose based solely on the facts as reflected in the jury's verdict or admitted by the defendant. In *Blakely*, the Court held that the Washington sentencing scheme did not comply with the Sixth Amendment right to trial by jury because it contemplated mandatory sentence enhancement based upon facts found by the judge and not the jury. The *Blakely* Court, however, emphasized that indeterminate, i.e., non-binding, sentencing schemes, such as Delaware's voluntary sentencing guidelines, do not improperly "infringe on the province of the jury." 524 U.S. at 309. And as this Court has previously recognized, under Delaware law, the sentencing guidelines are voluntary and non-binding such that no party has a right to appeal a sentence which does not conform to the sentencing guideline standards. *E.g.*, *Dorn*, *supra* at *3.

The United States Supreme Court holding in *United States v. Booker*, 125 S. Ct. 738 (2004) supports the proposition that *Blakely* does not impact Delaware's non-binding sentencing guidelines. In *Booker*, the Court held that the federal sentencing guidelines were subject to the jury trial requirements of the Sixth Amendment. The Court said that the Sixth Amendment requirement that the jury

9

find certain sentencing facts was incompatible with the Federal Sentencing Act, thus requiring severance of the Act's provisions making the guidelines mandatory. This remedial interpretation of the Act without its "mandatory" provision passed constitutional muster. 125 S. Ct. at 766-67. Thus, Delaware's non-binding sentencing guidelines are in accord with *Booker's* remedial interpretation of the Federal Sentencing Act.

Accordingly, neither *Blakely* nor *Booker* impacts Delaware's voluntary and non-binding sentencing guidelines. Here, the Superior Court was statutorily authorized to impose a sentence of five years on the conviction challenged by Benge without any additional findings beyond those admitted by Benge by virtue of his plea of guilty. *See Blakely*, 524 U.S. at 309 ("In a system that says the judge may punish burglar with 10 to 40 years, every burglar knows he is risking 40 years in jail."). Upon pleading guilty, Benge, analogous to the hypothetical burglar discussed in *Blakely*, expressly acknowledged that he faced the risk of a five year sentence for the conviction. Thus, the state supreme court correctly concluded that "*Blakely* does not impact Delaware's sentencing scheme because the SENTAC guidelines are voluntary and non-binding." Perforce, the state supreme court's decision was not an unreasonable application of *Blakely*, and Benge's claim should be rejected. *See* 28 U.S.C. § 2254(d) (enhanced standard of review under revised habeas statute).

## Conclusion

Based upon the Superior Court docket sheet, it appears that a transcript of Benge's sentencing hearing has been prepared. In the event that the Court directs production of any other transcript, the respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

                                                Thomas E. Brown
                                                Deputy Attorney General
                                                Department of Justice
                                                820 N. French Street
                                                Wilmington, DE  19801
                                                (302) 577-8500
                                                Del. Bar ID#  3278
                                                *ThomasE.Brown@state.de.us*

Date: October 30, 2006

**CERTIFICATE OF SERVICE**

The undersigned, being a member of the Bar of this Court, hereby certifies that on October 30, 2006 he caused to be electronically filed the attached document (Answer) with the Clerk of the Court using CM/ECF. I hereby certify that on October 30, 2006 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

> John H. Benge (No. 494395)
> Sussex Correctional Institute
> P.O. Box 500
> Georgetown, DE 19947.

/s/_____
Thomas E. Brown
Deputy Attorney General
Del. Dept. of Justice

Counsel for Respondents

Date: October 30, 2006