ORIGINAL

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| John H. Benge, Jr., ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. 05-0551(GMS) |
| v. ) | |
| ) | |
| Michael DeLoy, Warden ) | |
| Sussex Correctional ) | |
| Institution And ) | |
| Joseph R. Biden, III, Esq., ) | |
| Attorney General Of The ) | |
| State of Delaware, ) | |
| ) | |
| Respondents ) | |

FILED
JUL -6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

## RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

**COMES NOW,** John H. Benge, Jr. ("Petitioner"), *pro se*, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure moves to alter or amend this Court's judgment of July 2, 2007 entered in the above captioned action. The amendment sought is to the Court's conclusion of law that "[a]t this juncture, any attempt by Benge to return to state court for review of the First Amendment issue would be barred by Delaware Superior Court Rule 61 (i) (3);" alternatively, Petitioner seeks

a Certificate of Appealibility as to the exhaustion of state remedies issue ruling made by the Court and as to ruling denying relief to Petitioner under *Blakely v. Washington*, 542 U.S. 296 (2004). The grounds for this motion are as follows:

1. Petitioner's First Amendment claim, the merits of which were not reached by this Court, asserts that the state court sentencing judge impermissibly considered Petitioner's exercise of this right to petition state officials for redress in enhancing Petitioner's sentence. The resulting sentence, according to Petitioner's claim, is an "illegal sentence" within the meaning of Rule 35(a) of the Superior Court Rules of Criminal Procedure ("SCRCrP"). Such a sentence may be challenged "at any time" under Rule 35(a).

2. Rule 35(a) expressly provides that an illegal sentence may be corrected "at any time:" the Rule 35(a) remedy is thus open-ended. *Defoe v. State*, 750 A.2d 1200 (Del., 2000). Indeed, it has been held that a motion under SRCCrP Rule 35(a) faces *no* procedural bars. *Fatir v. Thomas*, 106 F. Supp.2d. 572 (D. Del., 2000), at 582. Rule 35(a) therefore stands in contrast to SCRCrP Rule 61. See *Brittingham v. State*, 705 A.2d 577 (Del., 1998). Perhaps the sole recognized exception

to the "no bar" precept of Rule 35(a) consists of the "law of the case" doctrine which bars Rule 35 (a) relief where the basis for an illegal sentence claim has previously been decided by this Court. *Id.*, at p. 579. That exception has no application here as Defendant's First Amendment claim has, according to this Court, not heretofore been presented to the state courts. If that exception does apply, the claim would be exhausted.

3. The definition of an "illegal sentence" as that term is employed in SCRCrP Rule 35(a) includes not only the types of sentences delineated in, for example, *Tatem v. State*, 787 A.2d 80 (Del., 2001) and *Brittingham v. State, supra* (*i.e.*, a sentence that exceeds the statutorily authorized limit; violates Double Jeopardy; constitutes a sentence the judgment of conviction "does not authorize;" is ambiguous; lacks internal consistency; omits a necessary term; and/or is uncertain as to its substance), but also includes a sentence that was imposed contrary to constitutional guarantees. *Defoe v. State, supra: Johnson v. State*, 280 A.2d (Del., 1971); *Gural v. State*, 243 A.2d 692 (Del., 1968); *Hodsdon v. State*, 239 A.2d 222 (Del., 1968); *Fatir v. Thomas, supra*, F. Supp.2d, at p.582.

4. A sentence that is based upon a trial court's consideration of the exercise of a defendant's First Amendment right is inconsistent with the constitution and cannot stand. *Dawson v. Delaware*, 530 U.S. 161 (1992). Because Petitioner at this juncture challenges only his sentence and not the underlying conviction, any further state court review would be under SCRCrP 35(a) *not* 61. See, *i.e., Wilson v. State*, Del. Supr., order, No. 549, 2005, (May 6, 2006) indicating that the two Superior Court rules are by no means interchangeable and provide for post-conviction review of different types of claims. Review under Rule 35(a) presupposes a valid conviction – as does Petitioner's First Amendment claim. Therefore, the appropriate procedures for further review of Petitioner's First Amendment claim would be the open-ended Rule 35(a) and the procedural bars of Rule 61, cited by this Court as impediments to further state court review of Petitioner's First Amendment claim, would have no application.

5. Because Petitioner's First Amendment claim has not been exhausted and there exits the possibility of further state court review, Petitioner's *habeas corpus* petition contains both an exhausted and an unexhausted

claim. As such, it is a "mixed petition" over which this Court does not have jurisdiction. *Rose v. Lundy,* 455 U.S. 509 (1982).

6. Because Petitioner's petition must be viewed as "mixed" under the Court's ruling of July 2, 2007, Petitioner may of right amend the petition to present only the exhausted *Blakely* claim. *Rose v. Lundy, supra; Ross v. Petsock,* 868 F.2d 639 (3rd Cir., 1989); *Swanger v. Zimmerman,* 750 F.2d 291 (3rd Cir., 1984). However, "stay and abeyance" of a *habeas corpus* petition is appropriate where there is good cause for failure to exhaust a claim: where, for example, the claim is potentially meritorious and there is no indication of dilatory tactics by a *habeas corpus* petitioner. *Rhines v. Weber,* 544 U.S. __ (2005). Petitioner is prepared to seek immediate Rule 35(a) review of his First Amendment claim and will seek such review on an expedited basis.

7. Petitioner's First Amendment claim cannot be dismissed out of hand: it is not a completely novel claim because of *Dawson v. Delaware, supra;* and it cannot be doubted that the state court's sentence was more severe than it would otherwise have been *solely* because of the letter sent by Petitioner to two state education officials regarding marijuana use by a public school teacher of elementary school special education

students. There is nothing in the record of this case to suggest that Petitioner has been dilatory in pursuing any claim. Petitioner believed the First Amendment claim to have been exhausted prior to filing the instant *habeas corpus* petition based upon the language in his brief on direct appeal set forth in the reply brief in this action at pp. 9-19 and the fact that in the circumstances of the case it would be difficult to perceive how the First Amendment issue could escape the notice o f the Delaware Supreme Court given the previous case of *Dawson v. Delaware* – and therefore a replay of state court review would have a preordained outcome.

7. Alternatively, Petitioner seeks amendment of the Court's order of July 2, 2007 to grant a Certificate of Appealibility on both the question of the exhaustion of the First Amendment issue and the *Blakely* Sixth Amendment claim. These two issues are certainly open to *debate* by reasonable jurists and are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473 (2000).

**Wherefore**, Petitioner moves for amendment of this Court's opinion and order of July 2, 2007 to vacate the order of the Court and grant a stay of further proceedings in this matter and to hold this matter in

abeyance pending exhaustion of Petitioner's First Amendment claim in state court by review under SCRCrP Rule 35(a). Alternatively, Petitioner requests amendment to grant a Certificate of Appealibility as to the exhaustion issue and the *Blakely* issue.

Date: July 5, 2007

John H. Benge, Jr.
P.O. Box 500
Georgetown, DE 19947

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two copies of the attached motion were served on July 5, 2007 by depositing the same in the prisoner mail dropbox at Sussex Correctional Institution, first class mail, postage prepaid and addressed to:

>Thomas E. Brown, Esq.
>Department of Justice
>820 North French Street
>Wilmington, DE 19801

I hereby certify under penalty of the laws of the United States of America that the foregoing is true and correct.

>Executed on July 5, 2007
>
>[signature]

