IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN H. BENGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-551-GMS |
| | ) | |
| MICHAEL DELOY, Warden, and | ) | |
| JOSEPH J. BIDEN, III, Attorney General | ) | |
| of the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

At Wilmington this 12th day of Oct., 2007;

IT IS ORDERED that:

*Pro se* petitioner John H. Benge's Rule 59(e) "Motion to Alter or Amend Judgment [Denying Petitioner's § 2254 Petition]" is DENIED.[1] (D.I. 45.)

A Rule 59 motion should be granted to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration pursuant to Rule 59 if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA*

---

[1] Although Benge filed the instant motion on July 6, 2007, and then filed a notice of appeal on July 30, 2007, the court has jurisdiction over the motion pursuant to Fed. R. App. P. 4(a)(4)(iv).

*Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D.Del. 1990).

The court denied Benge's habeas petition in its entirety, and, more specifically, denied Benge's First Amendment claim as procedurally barred after determining that Benge did not fairly present the claim to the Delaware Supreme Court in his direct appeal. *See* (D.I. 43.) Here, for the first time, Benge contends that his habeas petition is mixed because he believes he can still exhaust the First Amendment claim via a Rule 35(a) motion in the Delaware Superior Court. Consequently, Benge asks the court to stay the petition while he seeks immediate review under Delaware Superior Court Criminal Rule 35(a).

Pursuant to Rule 35(a), a "court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner" within 90 days after imposition of sentence. The basic premise of Benge's motion for reconsideration is his belief that his First Amendment claim should be viewed as an illegal sentence claim under Rule 35(a), thereby permitting him to timely pursue state court review of the claim because he can raise the claim "at any time." The court rejects this argument. In Delaware, a sentence is illegal when the sentence imposed exceeds the statutorily authorized limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize. *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998). Benge's First Amendment claim does not fall within any of these categories; rather, because Benge contends that the judge illegally enhanced the sentence by

relying on a letter which he contends was protected under the First Amendment, the claim is more properly characterized as challenging the sentence for being illegally imposed. Therefore, even if Benge could have asserted this claim via Rule 35(a), the claim is procedurally defaulted because he did not file a Rule 35(a) motion within 90 days after the imposition of his sentence. Accordingly, the court concludes that this argument does not warrant reconsideration of its Memorandum Opinion and Order dated July 2, 2007.

Alternatively, Benge moves the court to amend its Order dated July 2, 2007 (D.I. 43.) to grant a certificate of appealability with respect to his *Blakely*/Sixth Amendment claim and his First Amendment/mixed petition claim. For the reasons just discussed, and also for the reasons set forth in the court's Memorandum Opinion dated July 2, 2007 (D.I. 43.), the court concludes that reconsideration of its denial of a certificate of appealability is not warranted.

_____
UNITED STATES DISTRICT JUDGE

FILED

OCT 1 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE